ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WACKER SILICONES CORPORATION,
A Delaware corporation,

    Plaintiff,

vs.

ABACO INTERNATIONAL GROUP, INC.,
a Maryland corporation and ABACO P.R., INC.,
A Puerto Rico corporation,

    Defendants.

CIVIL ACTION NO.: 99-74639

Hon. Robert H. Cleland

---

Fred R. Green (P51918)
MIKE BOTHWELL, P.C.
Attorney for Defendants
304 Macy Drive
Roswell, GA 30076
(770) 643-1606

Eugene Driker (P12959)
Daniel J. LaCombe (P38602)
BARRIS, SOTT, DENN & DRIKER, P.L.L.C.
Attorneys for Plaintiff
211 W. Fort Street, 15th Floor
Detroit, MI 48226-3821
(313) 965-9725

Michael M. Briley
John N. MacKay
SHUMACKER, LOOP & KENDRICK
Of Counsel for Plaintiff
North Courthouse Square
1000 Jackson Street
Toledo, OH 43624
(419) 241-9000

---

## DEFENDANTS' RESPONSE TO PLAINTIFF WACKER SILICONES CORPORATION'S MOTION FOR PROTECTIVE ORDER

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Is Wacker entitled to entry of a Protective Order prohibiting the deposition of its officers and directors where: (1) the officers and directors possess knowledge regarding relevant and material issues, including but not limited to, Plaintiff's alleged damages; (2) the officers and directors have failed to submit affidavits denying knowledge of any of those issues; (3) in response to a Notice of Deposition under Rule 30(b)(6), Wacker failed to designate any other witnesses who could testify as to the actions and knowledge of the officers and directors; and (4) the witnesses designated by Wacker in its Interrogatory responses as having knowledge of damages have, in depositions, denied any specific knowledge?

   Defendant's Answer: No.

COME NOW Defendants, Abaco P.R., Inc. and Abaco International Group, Inc. (hereinafter "Abaco" or "Defendants"), and file their Response to the Motion of Plaintiff Wacker Silicones Corporation (hereinafter "Wacker" or "Plaintiff") for a Protective Order. In their Motion, Wacker seeks to have the Court enter a Protective Order prohibiting Defendants from deposing the two individuals who are members of Wacker's Board of Directors, Dr. Klaus Höfelmann and Dr. Matthias Wolfgruber. Wacker's motion also seeks to prevent Abaco from deposing Wacker's corporate officers.

Abaco responds as follows:

## STATEMENT OF FACTS

This litigation is nothing more than a simple contract dispute. Wacker hired Abaco to develop and implement a barcode software system for use with Wacker's SAP R/3 system at its manufacturing and warehouse facility in Adrian, Michigan. Wacker delayed Abaco's ability to start on the project by three to four months. The originally scheduled July 5, 1999 "go live" date for the barcode system necessarily had to be delayed. On August 17, 1999, Wacker dismissed Abaco and cancelled the contract. However, the evidence will ultimately show that it was Wacker who breached the contract rather than Abaco as asserted in Wacker's Motion and Brief.

Wacker disputes that its conduct caused any delay in implementation of the barcode software system. However, the evidence adduced during discovery demonstrates that: (1) Wacker Chemie GmbH, Wacker's German parent, required Wacker to switch over to SAP prior to Y2K; (2) there were unreasonable delays in the changeover at Wacker to SAP; and (3) Wacker's delays in implementing SAP caused delays in the design, development and implementation of Abaco's barcode system. Based upon this evidence, it is reasonable to conclude that the decision to switch to SAP, and the delays in switching to SAP were the result of a coordination of efforts by and among

-1-

Wacker Chemie GmbH and Wacker Silicones. One of the principal reasons Abaco wishes to depose the directors of Wacker is to determine whether there was such a coordination, and if so, whether the coordination (or lack thereof) duly considered the timetables for implementation of the barcode system originally contemplated by Wacker and Abaco.

In an attempt to discover this information, Abaco included in its Rule 30(b)(6) Notice of Deposition of Wacker the following subject matter upon which inquiry was sought:

> 18. Any and all information regarding the enterprise-wide implementation of SAP at Wacker's Adrian, Michigan facility from start to the present. This includes, but is not limited to, where the impetus to switch to SAP originated, whether this was a decision made by Wacker Silicones Corporation in Adrian, Michigan, whether the decision came down from Wacker-Chemie, GmbH in Munich Germany, or whether it was made by some other individual or entity, when the decision to switch to SAP was made, whether the system in place at Wacker's Adrian, Michigan facility prior to SAP was Y2K compliant at the time the decision to switch to SAP was made, when Wacker Silicones Corporation's Board of Directors approved the change to SAP, how the financing for the switch to SAP was handled, when the design and implementation of SAP for the Adrian, Michigan facility began . . ..

See Exhibit 5 attached to Plaintiff's Motion. This area of inquiry, which clearly calls for information pertaining to decisions of Wacker's Board of Directors, and for information which Wacker's Board of Directors would be aware of through its communication with Wacker Chemie GmbH, is clearly relevant to the present action.

The Notice of Deposition containing the above-quoted request was served on Wacker on or about May 5, 2000. The Rule 30(b)(6) deposition of Wacker was noticed for June 5, 2000. Nevertheless, Wacker failed to designate any Rule 30(b)(6) witness or witnesses on June 5, 2000, and Wacker never filed any objections to the 30(b)(6) notice of deposition. Abaco has, however, deposed several Wacker employees and former employees, none of whom had any knowledge of the subject matter set forth in Paragraph 18 of the Rule 30(b)(6) Notice of Deposition.

In addition to the above-described area of inquiry, which Abaco seeks to pursue by deposing the directors of Wacker, it has become increasingly obvious through the conduct of discovery that none of the witnesses identified by Wacker as having knowledge of Wacker's damages have any such knowledge.[1] Since, as of the present date, Wacker is claiming damages of in excess of $3.5 million,[2] much of which is claimed to be lost revenue and extraordinary expenses allegedly occasioned by Abaco's breach of contract, it is only logical to expect such losses to be reported to Wacker's Board of Directors. Further, since none of Wacker's management level or other employees have any knowledge of specific damages claimed by Wacker as a result of Abaco's alleged breach of contract, Abaco contends it to be both appropriate and necessary to depose Wacker's directors to determine whether and to what extent they were made aware of any such loss or expense.

As of the time Abaco noticed the depositions of Wacker's corporate officers, Wacker had refused to identify its officers, notwithstanding Abaco's request for their identity in the original interrogatories it served on Wacker in January 1999. As a result, Abaco served a generic Notice of Deposition of all of Wacker's corporate officers. Wacker did finally identify its corporate officers in discovery responses it served on June 23, 2000, which was well after Abaco had completed taking its fact witness depositions. See Exhibit C, Wacker's Responses to Abaco's First Interrogatories, Requests to Produce and Requests to Admit, Interrogatory 10.

---

[1] Neither Elizabeth Gifford nor Thomas Degnan, both of whom were identified by Wacker as having knowledge of its damages, have such knowledge. See Exhibit D, Wacker's Second Supplemental Responses to Abaco's First Interrogatories, Requests to Produce and Requests to Admit, Interrogatory 11; Exhibit A, Gifford depo., pp. 9-10; Degnan depo., p. 52.

[2] To date Wacker has not produced all the documents supporting its claimed damages. Abaco has repeatedly requested Wacker to produce said documents, but Wacker has indicated that they will be produced only after Wacker has received its damage report from its expert witness. This conduct has prevented Abaco from taking the depositions of witnesses concerning Wacker's claimed damages for which at least some Wacker employees must have personal knowledge. All Wacker employees Abaco has deposed to date have denied any knowledge of specific damages suffered by Wacker as

-3-

Abaco did specifically notice the depositions of several Wacker employees, some of whom, unbeknownst to Abaco at the time, were corporate officers. The "officers" portions of Wacker's motion is ostensibly moot except that Abaco should be allowed additional time to take the depositions of James Barancin, David Shellabarger and Michael Briley, all of whom have been identified as corporate officers, to discover what relevant information they have with respect to the issues in this case. Mr. Barancin and Mr. Shellabarger have both been identified by Wacker, at a minimum, as witnesses with information supporting Wacker's claimed damages. See Exhibit D, Wacker's Second Supplement Responses to Abaco's First Interrogatories, Requests to Produce and Requests to Admit, Interrogatory 11. The taking of Mr. Briley's deposition is the subject of another motion filed by Wacker for which Abaco is filing a reply concurrently herewith. Given Mr. Briley is an officer of the corporation with knowledge of relevant facts at issue in this litigation, it goes without question that Abaco should be permitted to take his deposition.

## ARGUMENT AND CITATION OF AUTHORITY

Federal Rule of Civil Procedure 26(b) provides:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Any line of inquiry is permissible as long as it is reasonably calculated to lead to the discovery of admissible evidence. Lewis v. ACB Business Services, 135 F.3d 389, 402 (6th Cir. 1998); In re Air Crash Disaster, 130 F.R.D. 641, 643 (E.D. Mich. 1989).

---

a result of Abaco's alleged breach of contract.

Federal Rule of Civil Procedure 30(a) permits the deposition of "any person." A prestigious position within a corporation is not a barrier which shields an executive from the judicial process. Travelers Rental Co. v. Ford Motor Co., 116 F.R.D. 140, 144 (D. Mass. 1987). Wacker seeks the entry of a protective order pursuant to Fed.R.Civ.P. 26(c). Such an order, however, is unwarranted. Under the liberal discovery standard of Rule 26, however, even busy executives who may have little to add to the case are subject to deposition so long as there is any possibility that the information sought may be relevant to the subject matter of the action. Nalco Chemical Co. v. Hydro Technologies, Inc., 149 F.R.D. 686 (E.D. Wis. 1993).

In support of their Motion, Wacker relies upon Mulvey v. Chrysler Corp., 106 F.R.D 364 (D.R.I. 1985); Hughes v. General Motors Corp., 18 Fed R. Serv.2d 1249 (S.D.N.Y. 1974); and Colonial Capital Co. v. General Motors Corp., 29 F.R.D 514 (D. Conn. 1961). In each of these cases, the plaintiffs sought to depose corporate executives of the defendant. The executives sought to be deposed submitted sworn affidavits denying knowledge of any relevant subject matter. In addition, there were other lower ranking employees of the defendant with knowledge of the facts sought to be discovered. In those cases, the Courts did not foreclose the depositions of the executives, but first required that written interrogatories be submitted to them to probe the extent of their knowledge.

The present case lacks any of the elements present in Mulvey, Hughes, and Colonial Capital. In those cases, the plaintiffs sought to engage in fishing expeditions of defendants' executives in cases which obviously had little or nothing to do with the executives' actions or knowledge. By contrast, in the present case, as a Plaintiff, Wacker has injected issues into this case, (i.e. Abaco's alleged delay in implementing the barcode project and Wacker's alleged lost revenues and other damages resulting from those alleged delays) that implicate directly the knowledge and actions of

Wacker's Board of Directors. Having filed the suit and injected these issues, Wacker cannot reasonably shield its corporate decision makers from participating in, or responding to, legitimate discovery inquiries.

Second, neither Dr. Höfelmann nor Dr. Wolfgruber have given affidavits denying knowledge of the enterprise-wide implementation of SAP, the implementation of Abaco's barcode system, and/or the alleged lost revenues and extraordinary costs allegedly caused by Abaco's breach of contract.[3] Indeed, the only affidavit filed in support of the present motion is that of Craig Rogerson, Wacker's former President, CEO and Board Member. In that affidavit, not surprisingly, Mr. Rogerson self-servingly states:

> the only information they [the other members of the Board] have concerning the Abaco project consists of reports given by me after the filing of this lawsuit. They have no direct personal knowledge of the relevant and material facts concerning the dispute in this case.

See Exhibit E, Rogerson Aff., at ¶ 7.[4][5]

The inadequacy of Rogerson's affidavit is apparent. Rogerson cannot testify as to Dr. Höfelmann's and Dr. Wolfgruber's knowledge. Furthermore, the scope of Rogerson's denial assumes a far too limited definition of what is relevant in this case. Abaco seeks to inquire about the implementation of SAP, not merely "the Abaco project." Since Abaco had to wait for Wacker to implement SAP, and because Wacker's delays in doing so delayed the work to be done by Abaco, all information relating to the implementation of SAP is relevant. Of course, Abaco also seeks to

---

[3] Even if the directors had submitted affidavits, Abaco should be allowed to depose them to test their claim of lack of knowledge, where, as here, circumstances point to them as witnesses in possession of relevant facts. See Travelers Rental Co. v. Ford Motor Co., 116 F.R.D. 140, 143 (D. Mass 1987).

[4] Rogerson's affidavit fails to demonstrate Dr. Höfelmann's and Dr. Wolfgruber's responsibilities leaving no legitimate argument that they are to busy or indispensable to be deposed. Furthermore, to the extent the Movants imply that it would be inconvenient for Höfelmann and Wolfgruber to be deposed in Michigan, where their depositions were noticed, Defendants will, if the Court deems it appropriate, travel to Munich, Germany to depose them.

[5] Wacker has not produced copies of Craig Rogerson's reports to Drs. Höfelmann and Wolfgruber.

-6-

inquire about the significant damages claimed by Wacker, a subject about which the directors would surely know, but which none of Wacker's witnesses seemed to have any knowledge.

Indeed, in cases in which directors or executives are shown to have relevant information, their depositions must be permitted. Travelers Rental Co., 116 F.R.D. at 144-45. In Travelers, plaintiffs made a preliminary showing that certain executives, including the President of defendant Ford Motor Company, had knowledge regarding the implementation and administration of a guaranteed resale plan. The Court held that the plaintiff was entitled to depose any corporate official who approved or administered the plan. Id. at 142. In so holding, the Court rejected Ford's argument that Mulvey and Colonial Capital controlled. Even those cases did not prohibit the deposition of the executives, but rather prescribed that written interrogatories should first be directed to the executives and left open the possibility that they could be deposed if the answers to those interrogatories proved inadequate. This procedure was not warranted in Travelers, and is not warranted in the present case because: (1) one legitimate area of inquiry is the action or knowledge of the directors themselves; (2) Wacker has failed to designate any other witness to testify regarding the action or knowledge of the Board of Directors, and (3) the witnesses designated as having knowledge of Wacker's damages have admitted having no such knowledge. Under these circumstances, the only meaningful and thorough discovery of the directors would be by taking their depositions. Id. at 144; see also, Wauchop v. Domino's Pizza, Inc., 143 F.R.D. 199 (N.D. Ind. 1992) (executive of defendant corporation who was alleged to participate in making corporate policy as to relevant issue held subject to deposition).

The Travelers Court also dismissed Ford's argument that the depositions of its executives was cumulative, since the matters at issue involved the motives and intentions of the decision makers (the executives themselves) with regard to the resale plans. Id. at 145-46. Similarly, in the present

case, Abaco seeks to depose the Wacker decision makers to determine, among other things, when the decision was made to implement SAP, what steps were taken to implement and coordinate the implementation of SAP at Wacker, when such steps were taken, what delays were encountered in the implementation of SAP, what problems were encountered, etc. These facts are not known by Mike O'Dell, the former IS Director of Wacker, or even by Craig Rogerson, the former President and CEO of Wacker, both of whom have already been deposed. See Exhibit F, O'Dell depo. p. 15, l. 16; Exhibit G, Rogerson dep., p. 16, l. 17).[6]

## CONCLUSION

The members of Wacker's Board of Directors, just as all other fact witnesses, are subject to the judicial process. In the present case, the directors possess knowledge regarding the enterprise-wide implementation of SAP at Wacker, as well as knowledge regarding the damages Wacker claims to have suffered. Further, as the Plaintiff Wacker is seeking to prevent Abaco from pursuing discovery of those with relevant factual knowledge of issues in this dispute. The directors have not submitted, nor can they submit, affidavits denying knowledge of those relevant areas of inquiry. Finally, Wacker has been unable to present any witnesses with knowledge of those areas. Abaco is, therefore, entitled to take the depositions of both Dr. Höfelmann and Dr. Wolfgruber, as well as any other Wacker officers not already deposed with knowledge of the facts underlying issues in this case but whose identity was not disclosed to Abaco until June 21, 2000.

---

[6] As this litigation has progressed, both Craig Rogerson and Mike O'Dell have left Wacker's employ and moved out of state. To the extent that Abaco will be unable to compel their appearance at trial, the importance of Abaco's ability to discover any relevant facts Drs. Höfelmann and Wolfgruber may have, especially regarding damages, is obvious.

WHEREFORE the reasons set forth herein, Abaco respectfully requests the Court deny Wacker's Motion for Protective Order and order that the remaining officers who have not been deposed and the members of the Board of Directors submit to the taking of their depositions.

Respectfully submitted,

MIKE BOTHWELL, P.C.

*Fred R. Green*

Fred R. Green
Michigan Bar No. P51918
Attorney for Abaco P.R., Inc. and
Abaco International Group, Inc.

304 Macy Drive
Roswell, Georgia 30076
(770) 643-1606

## INDEX OF EXHIBITS

| | |
|---|---|
| Exhibit A | Excerpts from the deposition of Elizabeth M. Gifford, June 6, 2000 |
| Exhibit B | Excerpts from the deposition of Thomas E. Degnan, June 5, 2000 |
| Exhibit C | Wacker's Responses to Abaco's First Interrogatories, Requests to Produce and Requests to Admit |
| Exhibit D | Wacker's Second Supplemental Responses to Abaco's First Interrogatories, Requests to Produce and Requests to Admit |
| Exhibit E | Affidavit of Craig Rogerson, June 5, 2000 |
| Exhibit F | Excerpts from the deposition of John Michael O'Dell, June 16, 2000 |
| Exhibit G | Excerpts from the deposition of Craig Rogerson, June 13, 2000 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WACKER SILICONES CORPORATION, <br> A Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> ABACO INTERNATIONAL GROUP, INC., <br> a Maryland corporation and ABACO P.R., INC., <br> A Puerto Rico corporation, <br><br> Defendants. | CIVIL ACTION NO.: 99-74639 <br><br> Hon. Robert H. Cleland |

### CERTIFICATE OF SERVICE

This is to certify that I have this day served a true copy of Defendants' Response to the Motion of Plaintiff Wacker Silicones Corporation for Protective Order, by depositing the same in the U.S. Mail, with adequate postage affixed thereto, as follows:

Eugene Driker
Daniel J. LaCombe
Barris, Sott, Denn & Driker, PLLC
211 West Fort Street, 15th Floor
Detroit, MI 48226-3281

Michael M. Briley
John N. MacKay
Shumaker, Loop & Kendrick, LLP
North Courthouse Square
1000 Jackson Street
Toledo, OH 43624

This 7th day of July, 2000.

*Fred R Lee*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED